Filed 3/23/26  P. v. Williams CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JONATHAN ALEXANDER WILLIAMS,<br><br>    Defendant and Appellant. | B341109<br><br>(Los Angeles<br>County Super.<br>Ct. No. BA354470 ) |

APPEAL from an order of the Superior Court of Los Angeles County, Renee F. Korn, Judge.  Affirmed.

Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Jonathan Williams appeals from an order denying his petition for resentencing under Penal Code section 1172.6 following an evidentiary hearing.[1]  His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and appellant filed a supplemental brief.  We review the contentions appellant raises in his supplemental brief and affirm the order.

## BACKGROUND

### I.    *Factual Background*

Because appellant did not proceed to trial, the relevant facts considered by the trial court were drawn from the transcript of appellant's preliminary hearing. We briefly summarize this evidence here.  Appellant stipulated to the preliminary hearing transcript as the factual basis for his eventual no contest plea and his counsel relied on the transcript for his factual recitation on appeal.

At the preliminary hearing, Detective Eric Crosson of the Los Angeles Police Department testified that he investigated the February 23, 2009 murder of Edward Walker on a bus in Los Angeles.  He interviewed appellant several weeks later, after appellant was arrested in Arkansas for an unrelated robbery.  After appellant waived his *Miranda* rights, he told Crosson that he got onto a bus on the day of the incident and noticed the victim seated in the back of the bus. Appellant recognized the victim as someone he knew from childhood and also as a rival gang member.  Appellant sat down near the front of the bus, but he and the victim made eye contact and appellant heard the victim make a derogatory comment referring to appellant's gang affiliation.

When the bus stopped, appellant saw the victim stand, then the victim and two other males walked toward the front of the bus.  The victim said to appellant, "Whassup, cuz?" Appellant stood up and the victim punched him in his lip.  Appellant took a gun from his jacket pocket.  He told Crosson that when he went to swing back at the victim, the gun went off and hit the victim.  The victim fell and appellant ran off the bus.  The parties stipulated that the victim died from a gunshot wound to his head.

---

[1]    All undesignated statutory references are to the Penal Code.

Crosson also testified to his review of surveillance footage from the bus. The video showed appellant entering the bus and sitting near the front. About 15 minutes later, the video showed the altercation between the victim and appellant. The gun was not visible in the video.

Another bus passenger testified at the preliminary hearing that she got on the bus at the same time as appellant. She recognized him from the neighborhood as a member of the Inglewood Family Bloods gang but did not know his name. The passenger recalled that the victim approached the front of the bus, then appellant asked him, "Where are you from?" The victim responded, "Legend Crip." Appellant said he was from "Inglewood Families." Then the passenger heard a gunshot and saw appellant make a motion with his hand close to the victim. The victim fell and appellant ran off the bus. The passenger did not see anyone else near appellant or the victim at the time of the gunshot. She identified appellant in a six-pack photographic lineup in 2009 and then again at the preliminary hearing.

## II. *Procedural History*

In 2010, appellant was charged with one count of murder (§ 187), with alleged gang and personal firearm use enhancements (§§ 186.22, subd. (b)(1)(C), 12022.53, subds. (b)-(d)). In 2011, appellant entered a no contest plea to one count of voluntary manslaughter (§ 192, subd. (a)) and admitted the gang enhancement allegation. (§ 186.22, subd. (b)(1)(C)). Appellant stipulated to, and the trial court found, a factual basis for the plea based on the preliminary hearing transcript. The court imposed a sentence in accordance with the plea agreement, consisting of the upper term of 11 years for voluntary manslaughter, plus 10 years for the enhancement.

In 2023, appellant filed a petition for writ of habeas corpus that included a request for resentencing under section 1172.6. As relevant here, appellant asserted that he was convicted of voluntary manslaughter, but could not now be convicted of that crime because of changes to sections 188 and189. He also asserted that he had acted in self-defense. The court appointed counsel for appellant, ordered briefing, and subsequently issued an order to show cause setting an evidentiary hearing on the resentencing request. The People filed an evidentiary hearing brief and attached the preliminary hearing transcript.

At the evidentiary hearing, counsel for appellant stated that appellant wanted to withdraw his petition.  The court indicated that it would proceed with the hearing and make findings on the record to deter future filings by appellant on the same basis.  The court took judicial notice of the preliminary hearing transcript, noting that it would not consider hearsay evidence admitted at the preliminary hearing unless subject to another hearsay exception. Neither party presented additional evidence.

The court found that the prosecution had proven beyond a reasonable doubt that appellant was the actual killer.  Specifically, the court pointed to the testimony of Detective Crosson that appellant admitted to shooting the victim and the eyewitness testimony identifying appellant as the shooter.  The court therefore concluded that appellant was ineligible for relief under section 1172.6.

The court issued a written memorandum of decision denying the petition for resentencing.  The court concluded that the court file established beyond a reasonable doubt that appellant was convicted as the actual killer.  The court noted that appellant had admitted to shooting Walker and "the evidence contained no indication of the involvement of any other person in the shooting."

Appellant appealed.

## DISCUSSION

Appellant's appointed counsel filed a brief raising no issues and requesting that this court proceed pursuant to *Delgadillo, supra*, 14 Cal.5th 216.  This court advised appellant of his right to file a supplemental brief, which he did.  (See *Delgadillo, supra*, 14 Cal.5th at pp. 231-232.)

In his supplemental brief, appellant argues that the court erred in the "summary denial" of his petition.  He contends that he was not ineligible "as a matter of law" because he could have been convicted under a now-invalid theory of felony murder.  These arguments are aimed at the inquiry as to whether a petitioner has made a prima facie showing of eligibility, an inquiry that the trial court here resolved in appellant's favor.  Rather than summarily deny the petition, the court held an evidentiary hearing, at which appellant presented no argument or evidence and instead indicated that he

4

wanted to withdraw the petition.  At the conclusion of the hearing, the court stated that it had considered the record as a whole and determined based on the evidence that the prosecution established beyond a reasonable doubt that appellant was not eligible for resentencing.  Thus, appellant's arguments and citation to case law involving the prima facie stage of resentencing are inapplicable.  (See *People v. Nino* (2025) 111 Cal.App.5th 844, 853-854 [finding the defendant's conviction as the actual killer did not render him ineligible for relief as a matter of law at the prima facie stage].)

We therefore find that appellant has failed to demonstrate any error and affirm.

## DISPOSITION

The order is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, ACTING P. J.


We concur:




MORI, J.




TAMZARIAN, J.

5